**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------X

In re                                   :     Chapter 13
Jody L. Bennett,                        :     **Case** No. 22-13126-pmm
        Debtor(s).        :
                          :
                          :
                          :

---------------------------------X

**MOVANT'S MOTION TO TRANSFER VENUE PURSUANT TO**
**28 U.S.C. SECTION 1406 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(A)(2)**

      **MOVANT**, Jody Bennett ("**Movant**"), hereby moves this Court ("**Motion**") pursuant to Section 1406 of Title 28 of the United States Code and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order transferring this **case**, in the interests of justice, to the US Bankruptcy Court for the District of New Jersey. In support of this **Motion**, the Movant respectfully represents the following:

**FACTUAL BACKGROUND**

  1. On November 22, 2022 ("**Petition Date**"), the Debtor commenced a voluntary **case** under Chapter 13 of the Bankruptcy Code by filing a petition in this Court under **Case** No. 22-13126.

  2. For at least 180 days before the Petition Date, the Debtor has not resided in or been in this district.

  3. **Venue** in this district is not proper under 28 U.S.C. Section 1408 and Movant requests the transfer of the case to the US Bankruptcy Court for the District of New Jersey.

  4. This case was inadvertently commenced in this district after the Debtor retained our firm to represent him in filing a second bankruptcy petition. The Debtor's previous case was properly commenced in this district under **Case No.** 20-10201 and was dismissed on September 29, 2022. During the pendency of the former case, the Debtor moved from his primary residence in Pennsylvania and permanently relocated to New Jersey. When the Debtor again retained our firm to file a second bankruptcy petition, the Debtor's address was not properly updated in our system which caused the case to be improperly commenced in this district.

**RELIEF REQUESTED AND THE BASIS THEREFOR**

  5. By this **Motion**, the Movant seeks entry of an order, pursuant to 28 U.S.C. Section 1406, transferring the **case** to the US Bankruptcy Court for the District of New Jersey.

  6. Section 1406(a) provides that if a **case** is **filed** in an improper district, the court must either dismiss the **case** or **transfer** it to another district where the **case** could have been brought under 28 U.S.C. Section 1408.

  7. Unless the court dismisses the **case** for filing in the wrong **venue**, the **case** should be transferred to the U.S. Bankruptcy Court for the District of New Jersey in the interest of justice because the Debtor is currently domiciled in New Jersey. See Jacobsen v. Bank of Am. Corp., 2010 WL 11552987, at *2 (W.D. Cal. Nov. 1, 2010): Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004); Irwin v. Beloit Corp. (In re Harnischfeger Indus., Inc.), 246 B.R. 421, 435-37 (Bankr. N.D. Ala. 2000).

8. **Transfer** of this **case** to the District of New Jersey is in the interest of justice and satisfies 28 U.S.C. Section 1408.

9. A proposed form of order granting the relief requested in this **Motion** is attached hereto as ("**Proposed Order**").

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Movant respectfully requests that this Court enter an order, substantially in the form attached hereto, transferring this **case** to the US Bankruptcy Court for District of New Jersey and granting such other and further relief as is just and proper.

Dated:  **December 9, 2022**

Respectfully submitted,

By: **/s/ Paul H. Young, Esquire**

**Paul H. Young, Esquire**

Attorney for Debtor
**Young Marr & Associates**

**3554 Hulmeville Rd Suite 102
Bensalem, PA 19020
(215) 639-5297**

**support@ymalaw.com**